IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nathan Scolari, | ) | Civil Action No.: 6:24-7277-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Nationwide Mutual Insurance Company and Allied Property & Casualty Insurance Company | ) ) ) ) | |
| | ) | |
| Defendants. | | |

Plaintiff Nathan Scolari, proceeding *pro se* ("Plaintiff"), filed this action in the Court of Common Pleas for Greenville County. (ECF No. 1-1.) On December 13, 2024, Defendants removed the action to this Court. (ECF No. 1.) On February 20, 2025, Defendants filed a motion to dismiss. (ECF No. 24.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C., this matters were referred to a United States Magistrate Judge for preliminary review.

On July 7, 2025, Magistrate Judge Kevin F. McDonald filed a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant Defendants' motion to dismiss. (ECF No. 49.) In the Report, the Magistrate Judge concluded that the record indicates that this matter is subject to dismissal based on the applicable statute of limitations. Attached to the Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. On July 18, 2025, Plaintiff filed a motion for an extension of the time to file objections, which the Court granted. (ECF Nos. 52, 53.) The Court specifically granted Plaintiff until September 1, 2025, to file his objections. (ECF No. 53.) To date, however, no

objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 49), and the Court grants Defendants' motion to dismiss (ECF No. 24).**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 5, 2025
Charleston, South Carolina